Rachel L. MASSEY *v.* Peggy BARNES, Director of
Labor, and SEARS, ROEBUCK & COMPANY

E 81-54                                   615 S.W. 2d 398

Court of Appeals of Arkansas
Opinion delivered May 13, 1981

No briefs filed.

DONALD L. CORBIN, Judge. Claimant worked for Sears, Roebuck and Company in Arkansas for eleven and one-half years. In 1980, her husband was transferred to Joplin, Missouri, and she made arrangements with her employer to take a leave of absence for a ninety-day period. On July 18, 1980, she left her employment with Sears in Little Rock and within thirty days filed a job application with Sears in Joplin, Missouri. She was told that she would have to have permission from the Atlanta office of Sears to transfer; but, she was also told that Sears in Joplin was not hiring then. According to her testimony, she made one or two more trips back to Sears and was told on each occasion that they were not hiring.

On September 29, 1980, the Employment Security Division determined that claimant's request for benefits be denied because her voluntary leave of absence from Sears in

Little Rock had not yet expired. The claimant appealed and a hearing was held in December, 1980, in Joplin, Missouri, at which time claimant testified that she was willing to withdraw her claim for benefits accruing from the date of her leaving her employment with Sears in Little Rock to the end of her ninety-day leave of absence, which ended on November 11, 1980. The decision of the Referee simply stated that he would forward the tape to Arkansas where they would make a decision concerning her request to withdraw the issue of eligibility and the possibility of starting benefits or making her eligible for benefits from November 11, 1980.

The Appeals Tribunal, in its opinion dated December 10, 1980, affirmed the decision of the Employment Security Division denying benefits.

The Board of Review, in its opinion dated February 23, 1981, stated: "Since the claimant was afforded an opportunity to present testimony and chose not to present evidence in her behalf, the Board of Review will render its decision from the written record." The Board of Review then made a finding that the claimant was not unemployed from July 18, 1980 until November 11, 1980, but was on a leave of absence from her employer and therefore was not unemployed. The claimant has not disputed this finding. The Board of Review also made an additional finding that "Since that date (November 11, 1980) the record is silent as to the effort the claimant has made to secure work." However, in a letter postmarked December 22, 1980, from the claimant to the Appeal Tribunal, the claimant stated, "... *I then started looking elsewhere* and applied for my unemployment" and in a letter postmarked January 17, 1981, from the claimant to the Board of Review, the claimant stated, "... I went to the Employment Division here and applied for my benefits and *started looking for work elsewhere*." (Emphasis supplied.)

Ark. Stat. Ann. § 81-1107(d)(7)(Supp. 1979) provides, in part:

In any proceeding under this subsection the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclu-

sive and the jurisdiction of said court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the Board of Review, and the Board may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a certified transcript of the additional record, with the clerk of the court.

We believe under the present state of the record that this matter should be remanded for a development of the facts to determine whether the claimant is entitled to benefits after November 11, 1980. After the hearing is held, the Board of Review may make additional or modified findings of fact and conclusions and file them, together with a certified transcript of the additional record, with the clerk of this court as provided by Ark. Stat. Ann. § 81-1107 (Supp. 1979).

Remanded.